T.C. Memo. 2010-271

UNITED STATES TAX COURT

LORI A. MALCHOW-BARTLETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15260-07.                    Filed December 9, 2010.

Lori A. Malchow-Bartlett, pro se.

<u>Julie A. Jebe</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Respondent determined deficiencies of $10,198
and $6,167 in petitioner's respective Federal income taxes for
2004 and 2005, plus accuracy-related penalties under section
6662(a).[1]

---

[1]All section references are to the Internal Revenue Code in
(continued...)

The issues for decision are whether petitioner is entitled to business expense deductions relating to use of her home for child daycare services and whether petitioner is liable for the accuracy-related penalties. This case is submitted under Rule 122.

## Background

The facts have been stipulated by the parties and are so found. At the time of the filing of the petition, petitioner resided in Illinois.

During 2004 and 2005 petitioner was self-employed and in that capacity provided daycare services in her home for five or six children. Petitioner did not apply for and did not have an Illinois-issued license for her child daycare services. Petitioner did not apply for a State-issued license for her child daycare services because petitioner believed that she was exempt from any Illinois licensing requirement.

On her 2004 and 2005 Federal income tax returns petitioner claimed business expense deductions of $20,198 and $22,995, respectively, relating to the child daycare services she provided. On audit respondent disallowed these claimed deductions. Respondent also determined that petitioner had

[1](...continued)
effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

omitted from her 2004 Federal income tax return $17,603 in gross income petitioner received in 2004 apparently from her child daycare services.

## Discussion

Under section 280A(c)(4)(A), a taxpayer may be allowed business expense deductions relating to use of a residence to conduct child day care services. However, the deductions are allowed only where the taxpayer has obtained, or has applied for and has pending, a license to conduct child daycare services under applicable State law or is exempt from obtaining a license therefor under applicable State law. Sec. 280A(c)(4)(B).

Under Illinois law, persons who provide child daycare services must satisfy State licensing requirements, as follows:

> No person, group of persons or corporation may operate
> or conduct any facility for child care, as defined in
> this Act, without a license or permit issued by the
> Department [of Children and Family Services] or without
> being approved by the Department as meeting the
> standards established for such licensing * * *

225 Ill. Comp. Stat. Ann. 10/3(a) (West 2007); see also id. 10/4(a). Illinois law defines broadly a "Facility for child care" as--

> any person, group of persons, agency, association,
> organization, corporation, institution, center, or
> group, whether established for gain or otherwise, who
> or which receives or arranges for care or placement of
> one or more children, unrelated to the operator of the
> facility, apart from the parents, with or without the

transfer of the right of custody in any facility as defined in this Act, established and maintained for the care of children. * * *

Id. 10/2.05. Illinois law defines "Day care homes" as--

family homes which receive more than 3 up to a maximum of 12 children for less than 24 hours per day. The number counted includes the family's natural or adopted children and all other persons under the age of 12. The term does not include facilities which receive only children from a single household.

Id. 10/2.18.

Under Ill. Admin. Code tit. 89, sec. 377.3(d) (2010), family homes that provide child daycare services--for less than 24 hours per day--for no more than three children under the age of 12 or that care only for children from a single household are exempt from State licensing requirements as follows:

(d) Family homes that care for no more than 3 children under the age of 12 or that receive only children from a single household, for less than 24 hours per day, are exempt from licensure as day care homes. The three children to whom this exemption applies includes the family's natural or adopted children and any other persons under the age of 12 whether related or unrelated to the operator of the day care home.

Because petitioner has stipulated that she provided child daycare services for five or six children per day and because petitioner makes no claim that the children were all from a single household, petitioner is subject to the licensing requirement under the above provisions and does not qualify for an exemption from the licensing requirement. We note that petitioner's allegation on brief that the children whom she took

care of were all cousins does not constitute adequate evidence to establish that the children were part of a single household.

Contrary to petitioner's contention, we note that neither Illinois law nor the Internal Revenue Code requires that a formal complaint be made against a taxpayer (for providing child daycare services without a required State license) before claimed deductions for child daycare expenses may be disallowed by respondent.

Petitioner also claims that because similar deductions claimed on her Federal income tax returns for earlier years were not disallowed, respondent should not be allowed herein to disallow the claimed child daycare expense deductions for 2004 and 2005. We disagree. Petitioner's returns for earlier years apparently were not audited, and tax years generally are considered separately. Harrah's Club v. United States, 228 Ct. Cl. 650, 653, 661 F.2d 203, 205 (1981); Jasienski v. Commissioner, T.C. Memo. 1992-674.

We sustain respondent's disallowance of the business expense deductions petitioner claimed relating to the child daycare services she provided.

Under section 6662(a) and (b)(2), a 20-percent penalty is imposed on the portion of an underpayment that relates to a substantial understatement of income tax, defined in section 6662(d)(1)(A) as a tax understatement that exceeds the greater of

10 percent of the tax required to be shown on the taxpayer's tax return or $5,000.

Because the tax deficiency for each year that we sustain herein exceeds $5,000, the section 6662(a) and (b)(2) substantial understatement penalty would appear to be triggered. Under section 6664(c), however, the above penalty does not apply to any portion of an underpayment for a year if a taxpayer had reasonable cause for such portion of the underpayment and if the taxpayer acted in good faith with regard thereto.

Respondent has stipulated that petitioner did not apply for a State license for her child daycare services because petitioner believed that she was exempt from any Illinois licensing requirement. Although the record is scanty, without more before us, we regard this stipulation as sufficient to prove that petitioner had reasonable cause and acted in good faith with regard to those portions of the underpayments of her taxes for 2004 and 2005 which are attributable to the disallowance of the $20,198 and $22,995 claimed deductions for child daycare service expenses.

To the extent that petitioner's income tax understatements for 2004 and 2005 which do not relate to the above disallowed deductions for child daycare service expenses exceed 10 percent of the taxes required to be shown on petitioner's tax returns (or relate to negligence determined by respondent and not contested

herein by petitioner), petitioner is liable for the section 6662(a) 20-percent penalty for 2004 or 2005.

<u>Decision will be entered under Rule 155</u>.